UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RONALD B. SMITH,

                                              Plaintiff,

-against-

CITY OF ALBANY, ROBERT C. FOREZZI, SR.,
HENRY J. ABRIEL, and DITONNO & SONS
DEMOLITION,

                                              Defendants.

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

SEP 18 2003

LAWRENCE K. BAERMAN, CLERK
ALBANY

**COMPLAINT**

Case No.

**03-CV-1157**

**NAM/DRH**

Plaintiff, by his attorneys Cooper Erving & Savage LLP and Thomas R. Monjeau, Esq., for his complaint herein, alleges as follows:

## INTRODUCTION AND JURISDICTIONAL STATEMENT

1. This is a civil rights action for declaratory relief, injunctive relief, and for damages brought pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. Plaintiff seeks a declaration that § 133-55 of Article IX of Part 2 of Chapter 133 of Part II of the Code of the City of Albany, New York violates the Fifth and Fourteenth Amendments to the Constitution of the United States on its face and as applied to plaintiff.

3. Plaintiff further seeks damages, pursuant to 42 U.S.C. § 1983, against defendants, who, while acting under color of law, specifically §§133-54 and 133-55 of Article IX of Part 2 of Chapter 133 of Part II of the Code of the City of Albany, New York, deprived, and conspired to deprive, plaintiff of his property by unreasonably seizing and razing a building which he owned at 141 Henry Johnson Boulevard in the City of Albany without adequate notice, without an appropriate opportunity to be heard, and without due process of law.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

5. On August 21, 2002, Plaintiff filed a Notice of Claim against the City of Albany and The City of Albany Department of Public Safety, their Agents and Employees detailing the subject matter of this complaint. In a letter dated September 30, 2002, the City denied Plaintiff's claim.

6. Plaintiff demands a jury trial of this action.

## PARTIES

7. Plaintiff is an individual residing at 7644 Route 66, in the Town of Averill Park in the County of Rensselaer and State of New York. Plaintiff has, at all times hereinafter mentioned, owned the property located at 141 Henry Johnson Boulevard located in the City of Albany in the County of Albany and the State of New York.

8. Defendant City of Albany is a municipality organized and existing by virtue of the laws of the State of New York.

9. Defendant Robert C. Forezzi, Sr. is a Deputy Fire Chief in the Department of Public Safety, Division of Building and Codes, for the City of Albany. The claims against Defendant Forezzi are asserted against him both in his official capacity as well as in his individual capacity.

10. Defendant Henry J. Abriel is a Captain in the Department of Public Safety, Division of Building and Codes, for the City of Albany. The claims against Defendant Forezzi are asserted against him both in his official capacity as well as in his individual capacity.

11. Defendant DiTonno & Sons Demolition is a partnership formed by Dominic and Daniel DiTonno.

12. Each of the foregoing defendants is a person as that term is defined for purposes of 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

13. At all times referred to herein, plaintiff was the record owner of the property located at 141 Henry Johnson Boulevard. The property contained a three family residential building. The first floor was a two-bedroom apartment containing a living room, bath and kitchen. The second floor was a three bedroom apartment with a living room, bath and kitchen. The basement was a one bedroom apartment with a living room, bath and kitchen. Plaintiff maintained the property at 141 Henry Johnson Boulevard as income property.

14. Upon information and belief, an on-duty officer working for and at the direction of the Albany Police Department responded to a complaint involving dogs on the premises at 141 Henry Johnson Boulevard on August 14, 2002. That officer reported that there were 10 dogs on the premises, that the dogs were being seized, and that there were unsanitary conditions resulting from the dogs on the premises.

15. At 9:00 a.m. on August 14, 2002, following the initial report, Captain Henry J. Abriel of the Department of Public Safety, Division of Building & Codes, for the City of Albany responded to the scene. He reported that there was roach infestation, an accumulation of trash with fly and maggot infestation, deteriorated asphalt siding, rotten window sills, loose storm windows, a bath tub that was unable to drain, some rotting of sub-floors in some rooms, and improper use of extension cords to convey power from the basement to the top floor. According to Captain Abriel, "[t]the south wall appeared bowed from the street."

16. Captain Abriel recommended demolition of the premises on the basis of the aforesaid findings, although the same property had been inspected within three months earlier without notice of any deficiencies being issued.

17. Thereafter, the City of Albany, by and through its agents, servants, administrators, employees and/or officials in the Department of Public Safety, Division of Building and Codes, contracted with DiTonno & Sons Demolition, by and through its agents, servants, and employees, for the purpose of demolishing Plaintiff's property located at 141 Henry Johnson Boulevard.

18. No significant structural inspection of any sort was done to the premises to determine the structural integrity of the building.

19. No notice was given to plaintiff of conditions prevailing at the building, nor was any request made to plaintiff to remedy conditions at the building.

20. Plaintiff was not notified that consideration was being given to the possible demolition of the structure.

21. Plaintiff was not given an opportunity to be heard with respect to the possible demolition of the building.

22. Since February, 2000, plaintiff had not been cited for any building code violations at the premises. All previous requests by the city for improvements or maintenance of the premises had been honored and complied with.

23. At 5:00 p.m. on August 14, 2002, after an entire business day went by without notice to plaintiff, the premises were demolished by DiTonno & Sons Demolition without any order authorizing such demolition.

24. Upon information and belief, at the time DiTonno & Sons Demolition razed the structure, they were aware that they lacked proper authority to raze it.

25. Upon information and belief, defendants conspired to raze the structure as quickly as possible to avoid the possibility of plaintiff asserting his legal rights to stop the demolition.

26. A Notice and Order with Declaration of Emergency Demolition was issued by Robert C. Forezzi, Sr., Deputy Fire Chief, *ex post facto*, on August 15, 2002. That document purported to charge plaintiff $11,375 for the costs of demolition. The City has since stated that failure of the plaintiff to reimburse the City for this amount will result in a tax lien on plaintiff's property

27. At the time of demolition, the building, together with fixtures, appliances, and other personal property of plaintiff, was worth in excess of approximately $60,000.

28. Plaintiff received income from the property amounting to $15,000 per year. Defendants' actions in demolishing the property rendered it useless for income–producing purposes and damaged plaintiff in the amount of $1,000,000.

29. At no time prior to or on August 14, 2002, was Plaintiff's building in imminent danger of collapse, nor did it pose an imminent threat to the public health or safety.

30. The actions of defendants alleged herein were undertaken in furtherance of official policy of the City of Albany.

31. Defendants Forezzi and Abriel were persons with final policymaking authority to authorize the actions complained of.

32. The City of Albany was deliberately indifferent to the training and supervision of defendants Forezzi and Abriel with respect to assuring that no violation of plaintiff's

constitutional rights would occur or was deliberately indifferent to the need to adopt policies necessary to prevent constitutional violations.

## COUNT I: UNCONSTITUTIONALITY OF THE CODE PROVISION
## FACIAL INVALIDITY

33. Repeats and realleges each of the foregoing allegations as if fully set forth herein.

34. § 133-55 of the Code of the City of Albany, New York is unconstitutional on its face.

35. § 133-54, unsafe and unfit buildings, provides as follows:

The Commissioner may determine that a building is unsafe by reason of the condition of the building or premises, including but not limited to structural instability in whole or in part, failure, inoperability, or absence of adequate sanitary waste disposal, vermin and insect infestation or unsanitary, dilapidated, decaying or overcrowded conditions.

36. § 133-55, power to act in emergencies, provides as follows:

A. Whenever the Commissioner finds that a violation of this Part 2 exists which, in his opinion, requires immediate action to abate a direct hazard or an immediate danger to the health, safety or welfare of the occupants of a building or of the public, the Commissioner may, without prior notice or hearing take any action authorized herein which is reasonably necessary to abate or remove the condition.
B. Such action may include but is not limited to demolition of the building or structure, vacating the occupants of the premises and of surrounding premises, closing of public or private streets or rights-of-way, termination of utility service, erection of barricades and other protections and the performance of physical work on the premises.
C. Recovery of any cost incurred with respect to the abatement of an emergency by the Commissioner shall take place pursuant to the provisions of this Part 2.

37. While emergency demolition of a building without notice and an opportunity to be heard may be constitutional in appropriate circumstances, an ordinance authorizing such action may not do so without an appropriate definition of the emergency or

6

emergency conditions that is specific enough to provide some standards for controlling government action and for reducing the risk of erroneous deprivation.

38. The emergency circumstances which justify demolition of a building in a constitutionally sound manner are sufficiently predictable that an ordinance could be drawn which provides adequate notice to both officials administering the ordinance and to the affected members of the public of the nature of the conditions warranting demolition.

39. The ordinance at issue is unconstitutionally vague in violation of the Fifth and Fourteenth Amendments because, as the ordinance is written, persons of common intelligence must necessarily guess at the nature of the circumstances constituting an emergency or emergency conditions and necessarily will differ as to the application of the ordinance to particular building conditions.

40. The ordinance at issue is unconstitutionally vague in violation of the Fifth and Fourteenth Amendments because it fails to give fair notice of what to avoid and endows government officials with unbridled discretion to determine which conditions are covered by the ordinance.

### COUNT II: UNCONSTITUTIONALITY OF THE CODE PROVISION
### OVERBREADTH

41. Repeats and realleges each of the foregoing allegations as if fully set forth herein.

42. The ordinance at issue is unconstitutionally overbroad in violation of the Fifth and Fourteenth amendments because it necessarily brings within its sweep a wide variety of conduct which could never satisfy constitutional standards for demolishing a building on grounds of emergency without notice and an opportunity to be heard.

43. For example, *inter alia*, overcrowding and other problems not related to the structural integrity of the building or unsanitary conditions not likely to cause disease could not justify demolition of a building on an emergency basis without notice and an opportunity to be heard.

## COUNT III: FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983
## FOURTH AMENDMENT

44. Repeats and realleges each of the foregoing allegations as if fully set forth herein.

45. Defendants demolition of plaintiff's property constitutes a seizure of his property within the meaning of the Fourth Amendment to the United States Constitution.

46. Such seizure was unreasonable.

47. Defendants deprived plaintiff of the rights secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States.

48. Defendants acted under color of state law, that is pursuant to the aforementioned ordinances of the City of Albany.

49. Defendants' actions proximately caused damages to plaintiff.

## COUNT IV: FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983
## FIFTH AMENDMENT

50. Repeats and realleges each of the foregoing allegations as if fully set forth herein.

51. The demolition of plaintiff's house is a deprivation of his property.

52. Plaintiff was deprived of his property without due process of law in that he was not given notice and an opportunity to be heard prior to being deprived of his property.

53. Defendants deprived plaintiff of his property in a non-emergency situation when giving him notice and an opportunity to be heard was not in any way impractical.

8

54. Defendants deprived plaintiff of the rights secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

### COUNT V: FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983
### FIFTH AMENDMENT

55. Repeats and realleges each of the foregoing allegations as if fully set forth herein.

56. Defendants acted arbitrarily, oppressively, and in a conscience-shocking manner in authorizing the demolition of plaintiff's building.

57. Defendants' actions deprived plaintiff of his substantive due process rights guaranteed to him by the Fifth and Fourteenth Amendments to the United States Constitution.

### COUNT VI: FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983
### FOURTEENTH AMENDMENT

58. Repeats and realleges each of the foregoing allegations as if fully set forth herein.

59. Defendants intentionally targeted plaintiff's building for destruction because of its location and for other reasons knowing full well that there were other buildings throughout the City in worse condition. Other landlords were permitted to abate similar conditions at their properties, though plaintiff was not afforded that opportunity.

60. Defendants' pattern and practice of failing to treat similarly situated properties alike deprived plaintiff of his right to equal protection of the laws guaranteed to him by the Fourteenth Amendment to the United States Constitution.

### COUNT VII: FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983
### CONSPIRACY

61. Repeats and realleges each of the foregoing allegations as if fully set forth herein.

62. Defendant DiTonno & Sons Demolition entered into an agreement with the other defendants and acted in concert with them to inflict unconstitutional injury.

63. Defendant DiTonno & Sons Demolition had an agreement with the other defendants to tear down plaintiff's property as well as at least one other property on the same street, was setting up its equipment to tear down the property, was made aware that an objection to demolition would be lodged, was aware that no order to demolish the building had yet issued, represented that the building would not be demolished until the following day, and then, after a further conversation with defendants, demolished the building anyway in violation of plaintiff's constitutional rights.

64. Defendant DiTonno & Sons Demolition violated 42 U.S.C. § 1983 by conspiring with the other defendants to deprive plaintiff of his constitutional rights.

WHEREFORE, it is respectfully requested that this Court grant plaintiff judgment:

A. Declaring and adjudging that § 133-55 of Part II, General Legislation, Chapter 133, Part 2, Article IX of the Code of the City of Albany, New York violates the Fifth and Fourteenth Amendments to the Constitution of the United States;

B. Restraining and enjoining the City of Albany by and through its agents from enforcing the aforesaid provision of the Albany City Code which violates the Constitution of the United States;

C. Declaring and adjudging that the defendants, individually and acting in concert, have violated plaintiff's right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, plaintiff's procedural and substantive due process rights as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, and plaintiff's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution of the United States;

D. Declaring that the tax lien placed on plaintiff's property at 141 Henry Johnson Boulevard located in the City of Albany in the County of Albany and the State of New York is unlawful, directing that it be removed, and enjoining and restraining any future attempt by the City of Albany to bill plaintiff for the costs of the unlawful demolition or otherwise enforce the purported lien;

E. Pursuant to 42 U.S.C. § 1983, for compensatory damages against defendants jointly and severally in the amount of $1,000,000 together with interest thereon from August 14, 2002;

F. Pursuant to 42 U.S.C. § 1988, for the costs, disbursements, and reasonable attorneys' fees incurred by plaintiff in the prosecution of this action;

G. For such other and further relief as this Court may deem just, proper and equitable.

Dated:   Albany, New York
         September 16, 2003

                                    COOPER ERVING & SAVAGE LLP
                                    39 North Pearl Street
                                    Albany, New York 12207
                                    (518) 449-3900
                            By:     _____
                                    Phillip G. Steck, Esq.
                                    Bar Roll No. 102664

                                    THOMAS R. MONJEAU, ESQ.
                                    744 Broadway
                                    Albany, New York 12207
                                    (518) 463-9018
                                    _____

11